IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

HEATHER BAKER, )
)
          Plaintiff, )
)
vs. ) Case Number CIV-10-1095-C
)
MICHAEL J. ASTRUE, Commissioner, )
Social Security Administration, )
)
          Defendant. )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff has filed an objection to the Report and Recommendation ("R&R") of Magistrate Judge Valerie K. Couch. In the R&R, Judge Couch determined that Plaintiff's objection to the transcript and request for remand should be denied. Plaintiff's argument here centers on the transcript of Dr. Dixon, a medical expert who was called to testify at Plaintiff's Social Security hearing. According to Plaintiff, a substantial portion of Dr. Dixon's testimony is designated in the hearing transcript as inaudible. According to Plaintiff, Dr. Dixon's testimony takes 13 pages of text, yet is marked inaudible 91 times. Ms. Baker alleges that the faulty transcript violates her due process rights and therefore a remand is required.

In the R&R, Judge Couch recommended that the request for remand be denied, noting that the Court lacked authority to remand. Indeed, as Judge Couch notes, pursuant to 42 U.S.C. § 405(b), "the district court's authority to remand a social security case is limited to three carefully delineated circumstances." Nguyen v. Shalala, 43 F.3d 1400, 1403 (10th Cir.

1994). Afer review, this Court finds that Judge Couch is correct that none of those three circumstances exist here and therefore the Court is without power to issue the remand.

In her objection, Plaintiff complains that Judge Couch neglected to address her due process claims. According to Plaintiff, it matters not whether the Court has authority under § 405(g) to remand; rather, the failure to provide an accurate transcript renders the underlying order invalid as a due process violation and therefore remand is required. In support of her due process argument, Plaintiff directs the Court to the Tenth Circuit case of Witjaksono v. Holder, 573 F.3d 968 (10th Cir. 2009). However, that case offers little support for Plaintiff's position. In resolving the due process challenge, the Circuit stated, "[b]ut failure by the government to provide a complete record of the proceedings below does not constitute a due process violation unless the petitioner can show prejudice." Id. at 971.

Here, in neither her opening brief nor her objection to the R&R has Plaintiff identified the manner in which she is prejudiced by the absence of a transcript containing all of Dr. Dixon's testimony. As Defendant noted in responding to Plaintiff's objection, the ALJ made careful notations of the portions of Dr. Dixon's testimony which were relied on, and those portions were only the audible parts. While it may be that at some point in the future Plaintiff could point to an instance where she was prejudiced by the inadequacy of the transcript, she has failed to do so at this time and consequently has failed to demonstrate a violation of her due process rights.

For the reasons set forth herein, Plaintiff's Objection to Report and Recommendation on Plaintiff's Objection to Transcript, Motion to Continue Briefing Schedule, Motion to

Remand (Dkt. No. 19) is DENIED. The Court adopts in full the Report and Recommendation (Dkt. No. 18) of Magistrate Judge Valerie K. Couch and recommits this matter to Judge Couch for further proceedings, including a ruling on Plaintiff's Motion for New Briefing Schedule (Dkt. No. 20).

IT IS SO ORDERED this 2nd day of June, 2011.

ROBIN J. CAUTHRON
United States District Judge